UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PERNELL BROUSSARD

VERSUS

SHAW CONTRACTORS, INC.

CIVIL ACTION

NO. 10-801-BAJ-SCR

## RULING

This matter is before the Court on Defendant's Motion to Dismiss for Refusal to Cooperate in Discovery (doc. 18). Pro se plaintiff, Pernell Broussard, has submitted two letters in opposition to the motion (docs. 19, 20),[1] and defendant, Shaw Contractors, Inc., has moved for leave to file a reply in support of the motion (doc. 21).

On October 22, 2010, plaintiff initiated this action by filing a petition in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, asserting claims of discrimination, hostile work environment, and retaliation (doc. 1-2). The matter was removed in a timely manner on November 24, 2010, and defendant filed an answer on December 1, 2010, denying the allegations of misconduct and asserting affirmative defenses (doc. 3). On February 10, 2011, plaintiff proposed that initial disclosures be completed by March 31, 2011 and that all discovery motions and discovery, except that involving experts, be completed by October 31, 2011 (doc. 5). Plaintiff further proposed that discovery from experts be

---

[1]One of the letters (doc. 20) is merely an unsigned copy of a letter previously submitted to the Court (doc. 15).

completed by November 15, 2011, and that dispositive motions be filed by December 15, 2011 (*Id.*).

On September 8, 2011, however, counsel for plaintiff was granted leave to withdraw after having filed a second motion requesting such leave (doc. 13). On September 27, 2010, plaintiff submitted a letter noting that his counsel had emailed him "a total of 19 detailed 'FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF' along with a total of 13 'First set of interrogatories to plaintiff', all to be completed by me" (doc. 15). Plaintiff, acknowledged that his attorney had been frustrated by the fact that plaintiff, from June through September, had been too overwhelmed to complete the documents (*Id.*). Plaintiff further stated that he was actively seeking another attorney to represent him in this matter (*Id.*).

On September 29, 2011, defendant filed a Motion to Compel Plaintiff to Respond to Discovery and Appear for Deposition, asserting that plaintiff had not responded to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents (doc. 14). In support of the motion, counsel for defendant asserted that he had previously consented to several extensions of time and had also requested dates upon which to depose plaintiff (*Id.*).

On October 31, 2011, the Magistrate Judge, noting that plaintiff had filed no opposition to the motion, found that defendant was entitled to relief under Federal Rule of Civil Procedure 37 (doc. 16). The Magistrate Judge ordered plaintiff to serve his answers to the interrogatories, produce responsive documents, and

complete and sign record authorization forms within fourteen days (*Id.*). Plaintiff was also placed on notice that "**[f]ailure to comply with this ruling may result in the dismissal of the plaintiff's complaint or the imposition of other sanctions.**" (*Id.* at p. 4, emphasis in original).

The present motion to dismiss was not filed until January 4, 2012, and defendant, in support of the motion, asserts that plaintiff has "failed to serve his answers to Defendant's written discovery requests, to produce any responsive documents or to return the executed record release authorization forms served with Defendant's discovery requests" (doc. 2, p. 2). Plaintiff, in opposition to the motion, reiterates the assertions made in the previous letter and describes events that occurred prior to the Court's Ruling of October 31, 2011 (doc. 19, pp. 1-4). Plaintiff also states in his letter of January 6, 2011, that he has found an attorney to represent him and that he plans to pay that attorney a retention fee "within a week or so" (*Id.*, at p. 5).[2]

Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides, in pertinent part, that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the issue is pending may . . . dismiss[ ] the action or proceeding in whole or in part . . . ." Federal Rule of Civil Procedure 41(b) provides that:

---

[2]The letter is dated January 6, 2012. It was received and filed into the record on January 10, 2012.

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

However, "[a] district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.'" *Millan v. USAA General Indem. Co*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting, *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)(quoting, *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and *Brown v. Thompson*, 430 F.2d 1212, 1216 (5th Cir. 1970)). Moreover, the Fifth Circuit notes that, where it has affirmed dismissals with prejudice, "'it has generally found at least one of the three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 795 F.2d 472, 474 (5th Cir. 1986)). The sanction of dismissal pursuant to Rule 37 "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League, v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).

4

In the present matter, plaintiff acknowledges his receipt of the discovery requests from his former counsel months before defendant moved for an order compelling plaintiff to respond to them. The Court also notes that more than two months have passed since plaintiff was specifically ordered by the Court to produce answers to the interrogatories, produce responsive documents, and complete and sign the record authorization forms within fourteen days, yet there is no indication in the record that plaintiff has attempted to comply with any part of that order or to offer any reasonable explanation for his failure to comply. Accordingly, the Court finds a clear record of delay and contumacious conduct by the plaintiff and notes that none of the dilatory behavior is attributable to plaintiff's former counsel or to plaintiff's lack of counsel after his former counsel withdrew in frustration. The Court also notes that the protracted refusal by plaintiff to prosecute the action, or to comply with the Court's order, has prevented meaningful discovery and has adversely affected defendant's ability to prepare its defense.

For all of the foregoing reasons the Court finds that dismissal of this matter is warranted and that a lesser sanction would not better serve the interest of justice.

Defendant also seeks to have plaintiff charged with costs. Rule 37 provides, in pertinent part, that "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

Having thoroughly reviewed the record, the Court finds that plaintiff's present financial and employment situations render an award of expenses unjust.

## CONCLUSION

Accordingly, the motion by defendant, Shaw Contractors, Inc., to dismiss this matter due to plaintiff's refusal to participate in discovery (doc. 18) is **GRANTED** insofar as defendant seeks dismissal of the matter with prejudice, and it is **DENIED** otherwise. The motion by defendant for leave to file a reply memorandum (doc. 21) is **TERMINATED** as moot, and the order of dismissal shall issue separately.

Baton Rouge, Louisiana, January **23**, 2012.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA